BRIAN D. SPECTOR, ESQ. (BS/7343)
JOHN M. O'REILLY, ESQ. (JO/3209)
SPECTOR & EHRENWORTH, P.C.
30 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 593-4800
Attorneys for Plaintiff, Konica Photo Imaging, Inc.

FILED
FEB 27 2003
AT 8:30 ............... M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| KONICA PHOTO IMAGING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARDEL ENTERPRISES, INC., MARDEL OF PUERTO RICO, INC., CARLOS D. WINITZKY AND SILVIA W. WINITZKY, <br><br> Defendants. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br><br> Civil Action No. 03CV888 (KSH) |

## COMPLAINT, JURY DEMAND AND RULE 201.1 CERTIFICATION

The Plaintiff, Konica Photo Imaging, Inc. ("Konica"), by and through its attorneys, Spector & Ehrenworth, P.C., as and for its complaint against the Defendants, Mardel Enterprises, Inc. ("Mardel"), Mardel of Puerto Rico, Inc. ("Mardel PR"), Carlos D. Winitzky and Silvia W. Winitzky, states as follows:

### The Parties

1. Konica is a Pennsylvania corporation with a principal business address at 725 Darlington Avenue, Mahwah, New Jersey 07430. Konica is a leading manufacturer and marketer of Konica brand color print film, 35 mm and APS cameras, single use cameras, color print paper, digital cameras, digital scanners, digital imaging systems, inkjet photo paper and other products and services (the "Konica Products").

2. Mardel is a Florida corporation with a principal business address at 1550 NW 108th Avenue, Miami, Florida 33172. Mardel is a distributor of one or more of the Konica Products.

3. Mardel PR is a Florida corporation with a principal business address at 1550 NW 108th Avenue, Miami, Florida 33172. Mardel PR is a distributor of one or more of the Konica

Products.

4.      Carlos D. Winitzky is a Florida resident and citizen with an address at 2301 Collins Avenue, Miami Beach, Florida. Carlos D. Winitzky is an officer, director and shareholder of Mardel and Mardel PR.

5.      Silvia W. Winitzky is a Florida resident and citizen with an address at 2301 Collins Avenue, Miami Beach, Florida. Silvia W. Winitzky is an officer, director and shareholder of Mardel and Mardel PR.

## Subject Matter Jurisdiction

6.      Subject matter jurisdiction in this action is based on the diversity of citizenship of the parties, 28 *U.S.C.* § 1332. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the controversy is between citizens of different states.

7.      Subject matter jurisdiction in this action is also based on supplemental jurisdiction, 28 *U.S.C.* § 1367.

## Venue

8.      Venue in this Judicial District is proper under 28 *U.S.C.* § 1391 because (i) a substantial part of the events or omissions giving rise to Konica's claims occurred in this Judicial District; (ii) all defendants are subject to the personal jurisdiction of this Judicial District; and (iii) the defendants contractually agreed to the propriety of venue in this Judicial District.

## The Mardel Distributor Agreement

9.      Konica and Mardel are parties to a distributor agreement dated June 15, 1987 (the "Mardel Contract"). Pursuant to the Mardel Contract, Konica agreed to supply Mardel with certain of the Konica Products and Mardel agreed to pay for such Konica Products in accordance with the Mardel Contract and invoices tendered by Konica.

10.     In accordance with the Mardel Contract, Konica has supplied Mardel with Konica Products and otherwise fulfilled all of its contractual obligations.

11.     In breach of the Mardel Contract, Mardel has not paid for certain Konica Products accepted by Mardel and has not satisfied a series of invoices for such Konica Products tendered by

Konica.

12. Mardel's unpaid Konica invoices presently total $1,286,447.39 (the "Mardel Contract Arrears").

13. Despite timely, repeated and sufficient demands by Konica, Mardel has not paid the Mardel Contract Arrears.

### The Mardel PR Distributor Agreement

14. Konica and Mardel PR are parties to a distributor agreement dated August 16, 1989 (the "Mardel PR Contract"). Pursuant to the Mardel PR Contract, Konica agreed to supply Mardel PR with certain of the Konica Products and Mardel PR agreed to pay for such Konica Products in accordance with the Mardel PR Contract and invoices tendered to Mardel PR.

15. In accordance with the Mardel PR Contract, Konica has supplied Mardel PR with Konica Products and otherwise fulfilled all of its contractual obligations.

16. In breach of the Mardel PR Contract, Mardel PR has not paid for certain Konica products accepted by Mardel PR and has not satisfied a series of invoices for such Konica Products tendered by Konica.

17. Mardel PR's unpaid Konica invoices presently total $255,661.38 (the "Mardel PR Contract Arrears").

18. Despite timely, repeated and sufficient demands by Konica, Mardel PR has not paid the Mardel PR Contract Arrears.

### The Winitzky Personal Guaranty

19. Konica, Carlos D. Winitzky and Silvia W. Winitzky are parties to a written guaranty dated February 28, 2002 (the "Winitzky Personal Guaranty").

20. In the Winitzky Personal Guaranty, Carlos D. Winitzky and Silvia W. Winitzky each promised "payment in full, of all indebtedness of [Mardel] to Konica due and owing at the present time, or that may hereafter be due and owing by [Mardel] to Konica together with interest at a rate of 12% per annum, plus fees and charges of whatsoever nature and kind."

21. In the Winitzky Personal Guaranty, Carlos D. Winitzky and Silvia W. Winitzky also

promised "to pay reasonable attorneys' fees not to exceed 20% and all other costs and expenses [Konica] may incur in the enforcement of the guarantee."

22. In breach of the Winitzky Personal Guaranty, and despite timely, repeated and sufficient demands from Konica, neither Carlos D. Winitzky nor Silvia W. Winitzky has satisfied and paid the Mardel Contract Arrears.

### The Mardel Corporate Guaranty

23. Konica and Mardel are parties to a written cross-corporate guaranty (the "Mardel Corporate Guaranty").

24. In the Mardel Corporate Guaranty, Mardel promised to "guarantee to [Konica] the full prompt and unconditional payment, upon the due date, of each and every Debt of [Mardel PR]; the full, prompt and unconditional performance of every term and condition of any Transaction to be kept and performed by [Mardel PR]; the payment of interest on each and every Debt of [Mardel PR]; together with all reasonable attorney's fees, costs and expense of collection incurred by [Konica] in connection with any Transaction hereunder."

25. In breach of the Mardel Corporate Guaranty, and despite timely, repeated and sufficient demands from Konica, Mardel has not satisfied and paid the Mardel PR Contract Arrears.

### COUNT ONE

(Breach of Mardel Contract)

26. Konica repeats and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Mardel has breached the Mardel Contract.

28. Mardel's breach of the Mardel Contract has caused damages to Konica, including the Mardel Contract Arrears.

29. Konica has fulfilled its own contractual obligations under the Mardel Contract.

WHEREFORE, Konica demands a judgment against Mardel awarding damages, attorneys' fees, costs, interest and for such other and further relief as this court deems just and equitable.

## COUNT TWO

(Breach of Mardel PR Contract)

30. Konica repeats and incorporates by reference paragraphs 1 through 29 of this Complaint.

31. Mardel PR has breached the Mardel PR Contract.

32. Mardel PR's breach of the Mardel PR Contract has caused damages to Konica, including the Mardel PR Contract Arrears.

33. Konica has fulfilled its own contractual obligations under the Mardel PR Contract.

WHEREFORE, Konica demands a judgment against Mardel PR awarding damages, attorneys' fees, costs, interest and for such other and further relief as this Court deems just and equitable.

## COUNT THREE

(Breach of the Winitzky Personal Guaranty)

34. Konica repeats and incorporates by reference paragraphs 1 through 33 of this Complaint.

35. Carlos D. Winitzky and Silvia W. Winitzky have breached the Winitzky Personal Guaranty.

36. The Winitzkys' breach of the Winitzky Personal Guaranty has caused damages to Konica, including the Mardel Contract Arrears.

37. Konica has fulfilled its own contractual obligations under the Winitzky Personal Guaranty.

WHEREFORE, Konica demands a judgment against Carlos D. Winitzky and Silvia W. Winitzky awarding damages, attorneys' fees, costs, interest and for such other and further relief as this Court deems just and equitable.

## COUNT FOUR

(Breach of the Mardel Corporate Guaranty)

38. Konica repeats and incorporates by reference paragraphs 1 through 37 of this

Complaint.

39. Mardel has breached the Mardel Corporate Guaranty.

40. Mardel's breach of the Mardel Corporate Guaranty has caused damages to Konica, including the Mardel PR Contract Arrears.

41. Konica has fulfilled its own contractual obligations under the Mardel Corporate Guaranty.

WHEREFORE, Konica demands a judgment against Mardel for damages, attorneys' fees, costs, interest, and for such other and further relief as this Court deems just and equitable.

### COUNT FIVE

(Unjust Enrichment)

42. Konica repeats and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. Mardel and Mardel PR have been unjustly enriched.

44. Konica is entitled to restitution for the benefits conferred on Mardel and Mardel PR.

WHEREFORE, Konica demands a judgment against Mardel and Mardel PR awarding restitution, attorneys' fees, costs, interest, and for such other and further relief that this Court deems just and equitable.

### JURY DEMAND

Konica demands a trial by jury of all issues and claims triable by jury.

SPECTOR & EHRENWORTH, P.C.
Attorneys for Plaintiff, Konica Photo Imaging, Inc.

By: _____
Brian D. Spector (BS/7343)

Dated: February 27, 2003

## Local Civil Rule 201.1 Certification

I, Brian D. Spector, of full age, certify as follows:

1. I am a shareholder of the firm Spector & Ehrenworth, P.C., attorneys for the Plaintiff, Konica Photo Imaging, Inc. ("Konica"), in the captioned case.

2. Pursuant to Local Civil Rule 201.1(d), Konica respectfully declines arbitration of this controversy. Konica seeks relief in excess of $1.0 million, exclusive of interest and costs and any claim for punitive damages.

I certify that the foregoing statements made by me are true. I am aware that, if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
Brian D. Spector

Dated: February 27, 2003